**74 So.2d 52**

**BOARD OF LEVEE COM'RS OF ORLEANS LEVEE DIST.**

**v.**

**LACASSIN.**

No. 41393.

July 2, 1954.

See also 224 La. 570, 70 So.2d 128.

James David McNeill, New Orleans, for plaintiff-appellant.

Clay, Coleman & Dutrey, Louis J. Dutrey, James J. Coleman, New Orleans, for defendant-appellee.

LE BLANC, Justice.

The Board of Levee Commissioners of the Orleans Levee District (hereinafter referred to as the Levee Board), alleging itself to be the owner of a tract of land identified as Lincoln Beach, at Lake Pontchatrain, which had been leased to Paul J.

Lacassin on April 7, 1952, instituted this proceeding for eviction by rule, contending that the lease had terminated on December 31, 1952. The petition contained the necessary allegation that notice in writing to surrender possession had been duly served on the lessee on April 1, 1953 and that he had not moved off the premises.

The defendant lessee filed an exception of no right or cause of action and at the same time filed an answer to the rule in which he set out in detail how the lease had been entered into after all necessary formalities had been complied with. He denied that it had terminated on December 31, 1952 and averred that it had been continued and was still in effect under a renewal clause embodied within its own terms. Coupled with his answer was a rule nisi for an injunction restraining the Levee Board from interfering with him in the exercise of his right to possession as tenant and also a reconventional demand for certain alleged damages in the sum of $19,852.93.

The exception of no right or cause of action was referred to the merits and after trial there was judgment dismissing plaintiff's rule at its costs and in favor of defendant recognizing the renewal privilege contended for by him. Defendant's demand for injunction and that for damages in reconvention were dismissed as having no place in a summary proceeding for eviction. The plaintiff was granted the appeal which is now before us. Defendant did not appeal and that part of the judgment which

dismissed his rule for injunction and his reconventional demand is no longer at issue.

The renewal clause which gave rise to this litigation is Article XXV of the contract of lease entered into between the parties on April 7, 1952 and it reads as follows:

"The Board hereby grants the Lessee the privilege of renewing this lease for an additional two (2) years under the same conditions (and for the annual rental for the renewal period as stipulated in the bid) payable as set forth in the attached proposal form. However, should the Lessee desire to avail himself of the privilege to renew this lease as provided herein, he agrees to give the Lessor notice in writing, ninety (90) days prior to the date of expiration of this lease, of his intention to exercise the privilege of renewal of the said lease for an additional period of two (2) years."

It is conceded that the defendant lessee gave the proper ninety-day notice of intention to renew the lease as therein provided for.

It is the plaintiff's contention that under the original resolution adopted February 21, 1952, authorizing an advertisement for sealed bids for the leasing of Lincoln Beach, it was specifically therein provided that the lease was to be for a period not to exceed one year and that in executing the contract

of April 7, 1952 which embodied the renewal clause, the then president of the Levee Board, Mr. Joseph B. David, exceeded his authority and therefore the clause was without effect.

In order to better understand the issue that is presented it becomes necessary to relate in some detail what took place regarding the preparation and confection of the contract of lease between the parties.

The minutes of the meeting of the Levee Board Commissioners held on February 21, 1952 show that the matter of leasing Lincoln Beach and its amusement facilities for the 1952 season was brought up for consideration and resulted, after a general discussion, in adopting a motion that the Chief Engineer of the Board be authorized and instructed to advertise for the reception of sealed bids for a lease "for a period not to exceed one year."

In conformity with this motion, advertisements were placed in certain newspapers in the City of New Orleans, stating that sealed proposals would be received at the office of the Levee Board on Friday, April 4, 1952 up to ten o'clock a. m. for operating and leasing the property and its facilities. Pertinent to a decision of the issue before the Court, the advertisement contained the following clause:

"Proposal form, on which bids must be submitted, and copy of Specifications, *as well as, the form of the Proposed Lease,* may be secured at the office of The Board of Levee Commissioners of the Orleans Levee District.

"The Board reserves the right to reject any or all bids, and/or to waive any informalities." (Emphasis supplied.)

The proposal form in the office of the Levee Board, on which bids had to be submitted, was in the nature of a letter to be addressed to the Board by the prospective bidder in which he was to make his offer "in accordance with plans and 'Instruction to Bidders' attached hereto and made part hereof." The bidder also had to bind himself "to comply with * * * the provision of the lease, *form of which is attached thereto.*" (Emphasis supplied.)

In the "Instructions to Bidders", Paragraph 5 is headed "Notarial Lease" and it stipulates that the Board "will require that the bidder to whom the award has been made * * * enter into a notarial lease within forty-eight (48) hours after receipt of notification. * * * *The form of lease to be used is attached hereto.*" (Emphasis supplied.)

The form of lease referred to is a lengthy document of many paragraphs included among them being paragraph XXV which contains the identical renewal clause which appears in the contract of April 7, 1952 and which is the subject of this litigation.

The defendant Lacassin who was the previous lessee answered the advertisement, complying with all the instructions to bid-

ders. In fact he was the sole bidder and on April 4, 1952, at a special meeting of the Board a resolution was adopted authorizing the president to enter into a contract with him for the period May 1, 1952 through December 31, 1952, "all in accordance with his bid dated April 4, 1952, which is hereby accepted" and the president was further authorized "to do any and all things in connection with the execution of the said contract." Acting under the authority thus granted to him, the president did enter into the notarial contract of April 7, 1952 which contains the renewal clause that is in controversy.

The Levee Board, through its counsel, earnestly contends that the one principal provision of the resolution of February 21, 1952 which set the matter of granting the lease in motion, was the one that the advertisement was to be for bids for a lease "for a period not to exceed one year" and that likewise, the central provision of the resolution of April 4, 1952 was the one that the lease authorized was to be for the period from "May 1, 1952 through December 31, 1952", and that consequently, in executing the lease, the president was restricted to either of those provisions, as far as its duration was concerned.

■ There would be merit in counsel's contention if the matter of the duration of the lease rested entirely on the authority of the motion adopted by the Board at its meeting of February 21, 1952. But that motion which merely authorized the adver-

tisement for bids was followed by the advertisement which invited bidders to come to the Board's Office to secure a form on which they would have to submit their bids as well as a copy of specifications and also a copy of the form of the lease which the Board proposed to execute. These forms and the specifications of the lease were all prepared by the Board itself and any one who was led to bid in accordance with all the terms contained in the form of lease, had the right to expect that the Board would abide with all of its provisions after acceptance of his bid.

Moreover, after the defendant had submitted his bid in compliance with all the requirements laid down in the "Instructions to Bidders" and it was found to be in order, the Board, at a special meeting held on April 7, 1952, adopted a resolution authorizing the president to enter into a contract of lease with him and whilst it is true that the period mentioned is to be from May 1, 1952 through December 31, 1952, it is also specifically therein provided that authority is granted to execute the lease "in accordance with the General and Special Specifications, * * * all in accordance with his bid dated April 4, 1952, which is hereby accepted; * * *." The general and special specifications included all the terms and provisions contained in the lease form which had been prepared by the Board, including the renewal clause contained in Article XXV. After the president of the Board, acting under his authority, executed

the formal lease embodying the identical provisions of the proposed form, the defendant, who acted in good faith throughout, was entitled to rely on all of its provisions and the Levee Board is without right now to ask the Court to let it repudiate any of them.

■ Plaintiff's further contention that the lease form was no part of the specifications referred to in the advertisement is without substance since each page of the proposed form of lease as well as each page of the "Instructions to Bidders" contains the notation at the bottom "Specs. 52–12", leading all bidders to believe that every item mentioned was one of either the general or special specifications the Levee Board referred to in the advertisement.

The judgment appealed from is found to be correct and for the reasons herein stated it is affirmed at the costs of the appellant.